UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 06-CV-4941 (JFB) (MLO)

DOROTHY A. WENDEL, INDIVIDUALLY AND AS A CLASS REPRESENTATIVE FOR ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

VERSUS

STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, AND NANCY A. NAPLES, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE DEPARTMENT OF MOTOR VEHICLES,

Defendants.

MEMORANDUM AND ORDER
May 4, 2007

JOSEPH F. BIANCO, District Judge:

Plaintiff Dorothy Wendel ("Wendel") brings this action against the State of New York, the New York State Department of Motor Vehicles ("DMV"), and the Commissioner of the DMV, Nancy A. Naples (collectively, "defendants"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, 12132. Specifically, plaintiff alleges that a New York State statute regarding special license plates for disabled persons violates her rights under the ADA. (Compl. ¶ 1.)

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted. The complaint is dismissed without prejudice to plaintiff filing an amended complaint.

I. THE FACTS

The facts are drawn from the complaint and taken as true for the purposes of this motion.

Plaintiff Wendel has a disability known as Spastic Diaplegic Cerebral Palsy which significantly impairs her mobility and requires her to use a wheelchair and other mobility aids. At some point prior to 2005, Wendel obtained from the DMV a set of special license plates for her car that indicate that she is a disabled person.

In August 2005, Wendel purchased a second vehicle – a van – and applied to the DMV for a set of special plates for that vehicle as well. However, the DMV denied Wendel's application, pursuant to New York Vehicle and Traffic Law § 404-a ("Section 404-a"), because she already had one set of special plates. Section 404-a provides, in relevant part:

> The commissioner [of the DMV] is hereby empowered to issue to [severely disabled] persons, upon their application, . . . *one set of vehicle identification plates* for motor vehicles owned by such persons.

N.Y. Veh. & Traf. Law § 404-a (emphasis added).[1]

Plaintiff filed the complaint in this case on September 12, 2006. Defendants moved to dismiss on January 24, 2007. Oral Argument was held on April 19, 2007.

## II. LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A complaint should be dismissed under Rule 12(b)(6) "'only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle him to relief.'" *Overton v. Todman & Co., CPAs, P.C.*, 478 F.3d 479, 483 (2d Cir. 2007) (quoting *Rombach v. Chang*, 355 F.3d 164, 169 (2d Cir. 2004) (internal quotation marks omitted)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

## III. DISCUSSION

Plaintiff asserts that Section 404-a, on its face, is invalid because it denies plaintiff the benefit of using "public highways and other motor vehicle facilities" in violation of the ADA.[2] (Pl.'s Mem. at 7.) Specifically, plaintiff asserts that Section 404-a, as written, "substantially impair[s]" her ability "to own and operate multiple motor vehicles," also in violation of the ADA. (Compl. ¶ 22.) As set forth below, the Court finds that plaintiff's claim that Section 404-a is facially invalid under the ADA must fail as a matter of law.

Section 12132 of the ADA provides, in relevant part, that:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be

---

[1] The Court takes judicial notice of the New York State statutes discussed herein. *See, e.g., Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

[2] At oral argument, plaintiff's counsel specifically characterized the complaint as a facial challenge to Section 404-a. In any event, the complaint fails to allege any facts from which plaintiff's claims could be construed as challenging the statute "as-applied" to plaintiff.

2

subjected to discrimination by any such entity.

42 U.S.C. § 12132;[3] *see also* 28 C.F.R. § 36.304 (2006) ("[A] public accommodation should take measures to provide access to a place of public accommodation. . . . These measures include . . . providing accessible parking spaces."). Here, plaintiff's claim must fail because the Court concludes, as a matter of law, that Section 404-a, when viewed in the context of the New York State statutory framework regarding disabled drivers, does not, on its face, deny a benefit to plaintiff or subject her to discrimination by reason of her disability.

First, Section 404-a, on its face, does not limit disabled drivers' ability to use public roadways or to own multiple vehicles. Instead, Section 404-a merely authorizes the issuance of one – and only one – set of special plates to a disabled driver.

Second, although Section 404-a limits the number of special plates available to disabled drivers, New York law enables such individuals to identify themselves as disabled drivers and, in turn, to enjoy special parking privileges even when using vehicles that do not have special plates. Specifically, New York Vehicle & Traffic Law § 1203-a allows disabled drivers to obtain a "special vehicle identification parking permit," also known as a "hang-tag," that, when placed in a vehicle not bearing special plates, indicates that the driver is disabled and "entitle[s]" the vehicle "to park in any area in any city, town or village of the state which has been designated . . . as a place for parking for persons with disabilities." N.Y. Veh. & Traf. Law § 1203-a. Therefore, a disabled driver can obtain special plates for one vehicle *and* a hang-tag that can be used in any vehicle driven by the disabled person.[4]

Thus, the alleged facial deficiencies of Section 404-a – namely, that it prevents plaintiff from accessing public roadways and facilities, and from owning and operating more than one vehicle – are refuted by Section 404-a itself and by Section 1203-a. N.Y. Veh. & Traf. Law §§ 404-a, 1203-a; *see also Dare v. State*, No. 96 Civ. 5569 (JSL), 1999 WL 731818, at *2 (C.D. Cal. May 30, 1999) ("The use of visual displays [ – namely, special license plates or placards – ] to restrict access to reserved parking does not violate the ADA *per se*. To the contrary, properly structured, such enforcement mechanisms advance the goals of the ADA by ensuring that the reserved spaces are actually available for those who need them."). There is nothing on the face of Sections 404-a or 1203-a that suggests that the benefits of the hang-tag, which can be used in any vehicle, are less than those of the special plates.[5] Accordingly, the

---

[3] The Court notes that the complaint alleges a violation of 42 U.S.C. § 12204 – a statute that does not appear to relate to the claims asserted here. However, in her submission to the Court regarding the instant motion, plaintiff specifically alleges a violation of the ADA, 42 U.S.C. § 12132. The Court construes plaintiff's submission as an amendment to, and correction of, the complaint.

[4] Section 1203-a was not referenced in plaintiff's complaint or in her papers opposing the instant motion.

[5] In fact, the federal statutory and regulatory scheme specifically contemplates the use of hang-tags along with special plates. *See* Pub. L. No. 100-641, § 3, 102 Stat. 3335 (directing the Secretary of Transportation to "establish a uniform system for handicapped parking" which "provides for the issuance" of special license plates *and*

Court concludes that this statutory framework, on its face, does not violate the ADA.

Nevertheless, at oral argument on the instant motion, plaintiff's counsel stated that disabled drivers lose out on certain benefits when they are denied multiple special plates. Specifically, plaintiff's counsel asserted that New York City police officers ticket vehicles bearing hang-tags when they are parked in handicapped-parking areas, but do not ticket such vehicles when they bear special plates. Furthermore, plaintiff's counsel asserted that tow-truck operators, when deciding which vehicle to assist on public roadways, give priority to broken-down vehicles bearing special plates over broken-down vehicles bearing hang-tags or no special identification.

Yet, plaintiff's counsel also conceded at oral argument, as he must, that these alleged disparities were not enunciated in the complaint, which only asserted a *facial* challenge to Section 404-a; as such, he requested leave to amend, pursuant to Rule 15(a), if the complaint were dismissed. In response to that request, defendants argued that any such amendment regarding the purported benefits of special plates over hang-tags would be futile, among other reasons, because (1) the defendants named in the current complaint bear no liability for any alleged actions of New York City police officers and (2) benefits conferred by third-parties – *i.e.*, private tow-truck operators – are not mandated by State law and, thus, cannot form the basis of an ADA claim against the State.[6] However, the Court cannot resolve the issue of futility until plaintiff states what benefits are being deprived to plaintiff, and by whom, in connection with the application and/or implementation of this licensing scheme. Accordingly, in light of the facially non-discriminatory nature of the statutes discussed *supra*, the Court finds that the complaint is dismissed, and plaintiff is granted leave to amend pursuant to Rule 15(a).

---

"removable windshield placards"); 23 C.F.R. § 1235.3 ("[E]ach State shall issue special license plates for the vehicle which is registered in the applicant's name."); 23 C.F.R. § 1235.4 ("The State system shall provide for the issuance and periodic renewal of a removable windshield placard."). The obvious purpose of limiting the number of special plates is to prevent misuse of limited parking spaces by non-disabled persons. *See* 23 C.F.R. § 1235.8 ("The State system shall recognize removable windshield placards, temporary removable windshield placards and special license plates . . . for the purpose of identifying vehicles permitted to utilize parking spaces reserved for persons with disabilities which limit or impair the ability to walk.").

[6] "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (finding that leave to amend may be denied based upon the "futility of amendment"). As to futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff[s] can plead no set of facts that would entitle [them] to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed without prejudice pursuant to Rule 12(b)(6). Plaintiff shall file an amended complaint within thirty days of the date of this Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 4, 2007
Central Islip, NY

\* \* \*

The attorney for plaintiff is Martin J. Coleman, Esq., 110 Marcus Blvd., Suite 300, Hauppauge, New York 11788. The attorney for defendants is Andrew M. Cuomo, Esq., Attorney General of the State of New York, by Susan M. Connolly, Esq., Assistant Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, New York 11788.